Filed 3/11/15  In re J.G. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | B258276 |
| | (Los Angeles County Super. Ct. No. CK58895) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| SABRINA L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Losnick, Juvenile Court Referee.  Affirmed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Stephen D. Watson, Deputy County Counsel for Plaintiff and Respondent.

_____

Sabrina L. appeals the denial of her Welfare and Institutions Code[1] section 388 petition seeking reunification services with her daughter, J.G. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Sabrina L., who had already lost custody of five dependent children,[2] gave birth to J.G. in 2011 while incarcerated. She had custody of J.G. for six months after her release, from the time J.G. was three months old until she was nine months old. In July 2012, during a parole compliance check, Sabrina L. was found using methamphetamine. Sabrina L. was ordered to enter an inpatient drug rehabilitation program, but she was turned away because she appeared for the program while under the influence of illegal drugs. Sabrina L. admitted to the Department of Children and Family Services (DCFS) that she had been using methamphetamine. J.G. was detained, and DCFS filed a dependency petition alleging that she came within the jurisdiction of the juvenile court under section 300, subdivisions (b) and (j).

Sabrina L.'s whereabouts were unknown for some time after DCFS detained J.G., and an arrest warrant was issued because she had not complied with the terms of her parole. In October 2012, she was located in custody at a regional detention facility. Sabrina L. told DCFS that she was participating in a substance abuse program and taking parenting classes while in jail, and that she would do whatever it took to get her daughter back. She was sentenced to 179 days of incarceration and transferred to state prison.

In May 2013, the juvenile court found true the allegation that Sabrina L. "has a history of drug abuse and is a recent user of methamphetamine which renders the mother periodically incapable of providing the child with regular care and supervision. On prior occasions in 2012, the mother was under the influence of methamphetamine, while the

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

[2] Four of the children received permanent placement services. The fifth child was placed in the home of his father with full legal and physical custody under a family law order, and dependency jurisdiction was terminated.

child was in the mother's care and supervision.  The child's [four] siblings . . . received permanent placement services due to the mother's substance abuse.  The mother's substance abuse endangers the child's physical health and safety, placing the child at risk of physical harm, damage and danger."  The court declared J.G. a dependent child, released her to her father's custody on the condition that he reside with his parents, and granted Sabrina L. one monitored visit per month.  The court ordered no reunification services for Sabrina L. pursuant to section 361.5, subdivisions (b)(10) [termination of reunification services as to sibling or half-sibling because parent had failed to reunify and had not subsequently made a reasonable effort to treat the problems that led to removal] and (b)(13) [parent has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment in the prior three years, or has refused to comply with an available treatment program on at least two prior occasions].

In August 2013, J.G. was detained from her father's custody due to allegations that he had been using drugs.  The juvenile court placed her in the custody of her paternal grandparents.  J.G. remained in the same residence, as her father had resided with his parents.  Her father moved out of his parents' home.

As of October 2013, Sabrina L. reported to DCFS that she had enrolled in a substance abuse program and completed a parenting program.  She claimed to have been sober for a year and stated that she would continue to attend all her programs to ensure that she maintained her sobriety.  Sabrina L. also represented that she had been undergoing drug tests and she would forward the results to DCFS.

In December 2013, Sabrina L. filed a section 388 petition seeking reunification services.  She alleged as a change of circumstances that she had been "participating in many services despite not receiving [family reunification services].  She has completed 2 parenting courses as well as other programs.  Mother has been participating in substance abuse treatment and is due to complete this program in January of 2014.  She has tested negatively for drugs.  She also participates in [a] Cognitive Behavioral program addressing Criminal Thinking."  Sabrina L. asserted that granting reunification services was in J.G.'s best interest because Sabrina L. and J.G. shared a "strong" and "unique"

bond; it had been a long time since J.G. had seen Sabrina L.; Sabrina L. had rehabilitated herself to be "there" for her daughter; and J.G. deserved to have her mother in her life. Attached to the petition were letters and certificates to show that Sabrina L. was participating in programs and had tested negative for drugs three times in August and September 2013.

While Sabrina L.'s section 388 petition was pending, in February 2014, J.G. was removed from the custody of her paternal grandparents because their health problems prevented them from caring for her. J.G. was placed in a "fost-adopt" placement with potential adoptive parents.

DCFS opposed Sabrina L.'s section 388 petition because she had previously failed to reunify with four children due to her substance abuse and because she was not due to be released from prison until December of that year. DCFS reported that J.G. was placed with a family interested in adopting her and that she was doing well in the placement, loving her nursery school, and making new friends every day. J.G. had been visiting her mother once a month in prison, where Sabrina L. was very appropriate and very involved during visits. On one of these visits, J.G. had been initially excited to visit her "mommy," but appeared to be disappointed when the visit was with her mother rather than her paternal grandmother, whom she called "mommy." On another visit, J.G. was crying when she arrived at the prison and whined when Sabrina L. approached her, but she eventually warmed up and played with her mother.

At the hearing on the section 388 petition in June 2014, Sabrina L. testified telephonically that she now took responsibility for her drug abuse and that she had been sober for two years. Once released from prison in September 2014, she planned to enroll in a substance abuse program that would allow her to have J.G. with her. She testified that while incarcerated she had completed a substance abuse program, two Narcotics Anonymous classes, a mother's preschooler's class, self-help groups, a criminal thinking program, three parenting programs, and a fertility class. DCFS and J.G.'s counsel opposed Sabrina L.'s petition.

4

The juvenile court denied the section 388 petition on the grounds that Sabrina L. had not established a change in circumstances or that the reunification services would be in J.G.'s best interest. The court explained, "The court has been supervising this case for a number of years, perhaps over—I don't remember when the first child was filed, but the court's been in this assignment 19 years. And what strikes me is that . . . [for] the majority of the life of this child the mother has been in custody. I really have no way of knowing that the mother . . . is able to reside outside of a place of incarceration and remain drug and alcohol free. I have three tests from the year 2013, September. This is June of 2014. I don't feel that the mother has changed her circumstances . . . or met the standard that is required." The court also said, "I am also unable to find this is in the child's best interest. At best, the child knows the mother as a playmate who she sees once a month. The child may call her "Mom." I don't know that the child really demonstrates that that's not just a name to the child, but the once a month monitored visits does not make a best interest finding under these circumstances, and I am respectfully denying the [section] 388 petition." Sabrina L. appeals.

**DISCUSSION**

Section 388 is a general provision permitting the court, "upon grounds of change of circumstance or new evidence . . . to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (§ 388, subd. (a)(1).) The statute permits the modification of a prior order only when the petitioner establishes by a preponderance of the evidence that (1) changed circumstances or new evidence exists; and (2) the proposed change would promote the best interests of the child. (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) We review the court's ruling for an abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

We find no abuse of discretion here. The gravity of Sabrina L.'s drug addiction cannot be overstated. By her own account Sabrina L. had begun using methamphetamine when she was 12 years old, and she had been using methamphetamine for the prior ten years, with a break before she gave birth to J.G. She had previously lost custody of five

5

children and had not participated in rehabilitation programs or discontinued her drug use during earlier dependency proceedings. Incarcerated when J.G. was born, Sabrina L. resumed using methamphetamine when she left prison. When offered the opportunity to undergo treatment in a program that permitted mothers to keep their children with them, Sabrina L. arrived under the influence of illegal drugs and was turned away.

We commend Sabrina L. for all that she has done while incarcerated to seek treatment for her drug abuse and to make use of available services. Certainly she has responded differently to this dependency proceeding than to past proceedings, and she has completed a series of programs while incarcerated. She asserts that she has been sober for 24 months, and she tested negative for drugs on three occasions in 2013. But problematically, her only period of sobriety has occurred while she has been incarcerated, and historically Sabrina L. has been unable to resist drug use when not in custody. We cannot say that the court's concern that she would resume using illegal drugs once released from prison was unreasonable; Sabrina L. did not establish that she had overcome her substance abuse problem sufficiently that she would remain drug-free once released from custody. At best, Sabrina L. demonstrated that her circumstances were changing rather than that they had changed, and the juvenile court did not err in concluding that she had failed to demonstrate the change of circumstances required by section 388.

The juvenile court also did not abuse its discretion in concluding that the requested change was not in J.G.'s best interest. The court in *In re Kimberly F.* (1997) 56 Cal.App.4th 519 set forth three factors to be analyzed in determining the best interest of a child for the purposes of a section 388 petition: (1) the seriousness of the problems which led to the dependency, the reason for their continuation, and the ease with which they can be ameliorated; (2) the strength of relative bonds between the child to both parent and caretakers; and (3) the degree to which the problem may be easily removed or ameliorated, and the degree to which it actually has been removed or ameliorated. (*Id.* at pp. 530-532.)

6

None of these factors suggests that reunification services would have been in J.G.'s best interest. The problem that led to the dependency, Sabrina L.'s drug abuse, was serious and longstanding, and it had already caused her to lose custody of her five older children. Substance abuse problems are not easily ameliorated, and Sabrina L. had not previously made efforts to combat her drug dependency. Although she had undergone treatment in prison and testified that she was now sober, Sabrina L.'s sobriety had not yet been tested outside of an institutional setting, and she had resumed using drugs when released from prison in the past.

Next, examining the relative bonds between the child and her parent and caretakers, there was little evidence of a bond between J.G. and her mother. Sabrina L. had only had custody of her child for six months of her infancy, and since then she had been granted one visit per month. Although Sabrina L. described their bond as strong, the DCFS social worker observed on one visit that J.G. was disappointed that the "mommy" she was visiting was Sabrina L. and not J.G.'s paternal grandmother. There was also little evidence of a bond between J.G. and her caregivers. J.G. had only been living in her foster care placement for four months at the time of the section 388 hearing, although that was nearly as long as she had spent in the custody of her mother. Her foster parents were interested in adopting her, and she was reported to be doing well and making new friends in school.

The third factor, the degree to which the problem may be easily removed or ameliorated, does not favor Sabrina L. Substance abuse problems are difficult to overcome, and in Sabrina L.'s case, she had been using drugs for many years, even when it meant losing her five older children. While she was sober in prison, Sabrina L. had not ever demonstrated that she had addressed her substance abuse problem sufficiently to remain drug-free when out of custody.

Because Sabrina L.'s drug problem was longstanding, severe, and difficult to overcome, and because there was a very limited bond, if any, between J.G. and her mother, none of the *Kimberly F.* factors suggests that granting Sabrina L. reunification services would have been in J.G.'s best interest. Because Sabrina L. had demonstrated

7

neither a change in circumstances nor that the requested change was in J.G.'s best interest, the juvenile court did not abuse its discretion in denying Sabrina L.'s section 388 petition.

## DISPOSITION

The order is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


FEUER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.